IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RITA LEMONS, Individually and d/b/a DENTAL ASSISTANCE BY THE PHONE, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | MISCELLANEOUS NO. H-07-0445 |
| JOYCE HICKMAN, Individually and d/b/a CLASSIC MEDICAL & DENTAL CLINIC, INC., and JOE PAYTON LEE, Individually and d/b/a CLASSIC MEDICAL & DENTAL CLINIC, INC., | § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

In December of 2001 plaintiff, Rita Lemons, individually and doing business as Dental Assistance by the Phone, obtained a favorable judgment against defendants Joyce Hickman and Joe Payton Lee, individually and doing business as Classic Medical & Dental Clinic, Inc., in the District Court of Harris County, Texas, 127th Judicial District.[1]  Plaintiff now moves this court to register the favorable state court judgment.[2]  (Docket Entry No. 1)  However,

---

[1] Judgment Order, Docket Entry No. 1, unnumbered p. 3.

[2] The court construes plaintiff's motion liberally as one requesting the transformation of the state court judgment into a federal judgment.  Plaintiff's muddled motion requests "that the state judgement [sic] be attached to the defendant's case file," that "the writ of execution and abstract of judgment be attached

(continued...)

the court fails to perceive, and plaintiff does not explain, how it can exercise jurisdiction over this matter. Congress expressly provided for the registration of the judgment of one federal court in another federal court in 28 U.S.C. § 1963 and, by implication, excluded the registration of state-court judgments in federal courts. The court concludes that it lacks jurisdiction over plaintiff's claims. Cf. Caruso v. Perlow, 440 F. Supp.2d 117, 118 (D. Conn. 2006) (holding that the federal district court lacked jurisdiction to register a Florida state-court judgment). Plaintiff's motion to register a state court judgment is therefore **DENIED**, and this action is **DISMISSED**.

    **SIGNED** at Houston, Texas, on this 9th day of August, 2007.

                                  SIM LAKE
                     UNITED STATES DISTRICT JUDGE

---

    [2](...continued)
to defendant's case file," that "any proceeds from the defendant's estates reflect the execution of the December 2001 judgment of [$]245,289.50 plus 10% interest annum, writ of execution, and abstract of judgment," and that "check be made payable to Rita Lemons d/b/a Dental Assistance by the Phone." Judgment Order, Docket Entry No. 1, unnumbered p. 2.